IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2039-FL

| | | |
|---|---|---|
| STEVEN SNOOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN HOLLENBACK, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction (DE 16). In this posture, the issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion and provides petitioner notice of its intent to recharacterize the instant action as one pursuant to 28 U.S.C. § 2255.

## STATEMENT OF THE CASE

In 2003, petitioner was convicted of two narcotics distribution offenses in the United States District Court for the Central District of Illinois. (Pet. Attach. p. 1.) On November 14, 2003, the Illinois district court sentenced petitioner to a 262 month term of imprisonment. (Id.) Petitioner did not file a direct appeal. (Id. ¶ 7.)

On December 20, 2005, petitioner filed a pleading in the Illinois district court captioned "Combined Motion to Toll Statute of Limitations, and to Modify Nunc Pro Tunc the Sentence Pursuant to Fed. R. Crim. Proc. Rule 35(a), and/or Title 18 U.S.C. § 3582(C)(1)(B) and (B)(1) and (2)." See Snook v. United States, No. 2:05-cv-2283-MPM-DGB (C.D. Ill. Dec. 20, 2005).

On December 21, 2005, the Illinois district court issued an order notifying petitioner, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), of its intent to construe his December 20, 2005, filing as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Id. (Dec. 21, 2005). In response, petitioner objected to the proposed recharacterization and requested that the sentencing court proceed with his motion "as is." Id. (Jan. 17, 2006).

On January 18, 2006, the Illinois district court entered an order stating that petitioner's motion would not be construed as one pursuant to § 2255, and denied petitioner's motion for lack of jurisdiction. Id. (Jan. 18, 2006). Petitioner appealed the sentencing court's ruling to the United States Court of Appeals for the Seventh Circuit, which affirmed the sentencing court's decision. United States v. Snook, No. 05-C-2283 (7th Cir. Mar. 15, 2006). Then, on January 26, 2015, petitioner filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). United States v. Snook, 2:03-cr-20034-JES-DGB (C.D. Ill. Jan. 26, 2015), which the sentencing court denied on December 22, 2015. Id. (Dec. 22, 2015).

On February 19, 2015, petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241, alleging that at least one of his prior Illinois State criminal convictions do not support his designation as a career offender based upon the United States Court of Appeals for the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Respondent subsequently filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The motion was fully briefed.

**DISCUSSION**

A.      Motion to Dismiss

    1.      Standard of Review

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.      2.      Analysis

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. In re Vial, 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

In this case, petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct underlying his conviction for the narcotics distribution offenses no longer is criminal. Petitioner, additionally, is not able to satisfy the second prong of the Jones test because petitioner has not filed a § 2255 motion. (Pet. ¶ 10(a)). Thus, petitioner has not satisfied the Jones criteria by establishing that § 2255 is inadequate or ineffective to test the legality of his detention.[1]

Even if petitioner could proceed with his § 2241 petition, the Fourth Circuit has not extended the reach of the savings clause to include petitioners who challenge only their sentencing enhancement. See United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015) (affirming district court's conclusion that petitioner's § 2255 petition, which was based on the argument that

---

[1] In determining whether the Jones test applies, the court applies Fourth Circuit procedural law, including the procedural bar on applying the savings clause, to sentence challenges. See Chaney v. O'Brien, No. 7:07CV00121, 2007 WL 1189641, *3 n.1 (W.D. Va. Apr. 23, 2007) ("A § 2241 petition must be brought in the federal district in which the petitioner is incarcerated. See § 2241(a). It would follow that the procedural law governing when a § 2241 is appropriately brought, would be that of the circuit in which such a federal district court resides. Here, that circuit would be the Fourth Circuit, and the governing procedural law would be *In re Jones*. However, in order to satisfy this procedural law, a petitioner must point to a change in substantive law. *See In re Jones*, 226 F.3d 328, at 334. For the reasons set forth above, sound policy dictates that such a change should be in the substantive law of the circuit in which the petitioner was convicted, and not the circuit in which petitioner is incarcerated.").

petitioner's career offender designation was later nullified by Simmons does not present a claim that is cognizable on collateral review). Thus, petitioner must proceed with his claim pursuant to 28 U.S.C. § 2255.

B.     Recharacterization

The court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize this § 2241 petition as an attempt to file a motion under 28 U.S.C. § 2255. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b) . . . simply does not provide for relief from a judgment in a criminal case."). The court also notifies petitioner of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255.

The court hereby permits petitioner to file a response to the court's proposed recharacterization within 21 days from the date of this order.[2] The court advises petitioner that if, within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, petitioner responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will dismiss petitioner's petition pursuant to 28 U.S.C. § 2241 based upon the reasoning set forth above.

---

[2] A prisoner wishing to challenge his conviction pursuant to § 2255 must file his petition in the court which imposed the sentence. See 28 U.S.C. § 2255. Accordingly, if petitioner agrees to have his action construed as a section 2255 petition, the court will transfer the action to the United States District Court for Central District of Illinois where venue is proper.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 16) is GRANTED. Petitioner has 21 days from the date of this order to respond to the court's notice of recharacterization as set forth above.

SO ORDERED, this the 13th day of May, 2016.

                                              LOUISE W. FLANAGAN
                                              United States District Judge